IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| RONDA SMITH, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 3:16-cv-00142-JJV |
| CAROLYN W. COLVIN, | * |
| Acting Commissioner, Social Security | * |
| Administration, | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Plaintiff, Ronda Smith, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act. (Tr. 90-101.) The Appeals Council received additional information and then denied Plaintiff's request for a review (Tr. 1-4), making the ALJ's decision the final decision of the Commissioner.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, a court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. A court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an

opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff was fifty-six years old at the time of the administrative hearing. (Tr. 112.) She testified she was a high school graduate and briefly attended college. (*Id.*) She also earned a certificate of training as an electronic technician. (*Id.*)

Plaintiff alleges she is disabled due to a combination of impairments. The ALJ[1] found Ms. Smith had not engaged in substantial gainful activity since August 30, 2013 – the alleged onset date. (Tr. 92.) She has "severe" impairments in the form of colitis, morbid obesity, and depressive disorder. (*Id.*) The ALJ further found Ms. Smith did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[2] (Tr. 93-95.)

The ALJ determined Ms. Smith had the residual functional capacity to perform a reduced range of medium work. (Tr. 95.) Utilizing the services of a vocational expert (Tr. 124-127), he determined Ms. Smith could perform her past work as a product line assembler. (Tr. 99.) Alternatively, the ALJ addressed whether other work existed in significant numbers that Plaintiff

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

could perform despite her impairments. (Tr. 100-101.) Based upon the hypothetical questions posed to the vocational expert, the ALJ concluded Ms. Smith could also perform the jobs of commercial cleaner and commercial laundry worker. (Tr. 101.) Accordingly, the ALJ determined Ms. Smith was not disabled. (*Id.*)

In support of her Complaint, Plaintiff argues the ALJ erred by determining she was capable of performing medium work. (Doc. No. 13 at 15-17.) The ALJ assessed that Ms. Smith has the residual functional capacity to perform medium work, "except she can never climb ladders, ropes, or scaffolds, and must avoid all exposure to unprotected heights." (Tr. 95.) He said, "In addition, she is limited to unskilled work where interpersonal contact is incidental to the work performed and the supervision required is simple, direct, and concrete." (*Id.*) Plaintiff was further limited to work that can be learned within thirty days. (*Id.*)

Plaintiff argues, "The record does not support the ALJ's determination that Smith can perform the prolonged standing and walking required for medium work." (Doc. No. 13 at 16.) Plaintiff relies on the report of Rodger Troxel, M.D. (Tr. 414-415.) The ALJ gave "little weight" to Dr. Troxel's report in this regard because his opinion is "stated in vague terms that do not specifically quantify the claimant's physical functional limitations." (Tr. 98.)

I find Plaintiff makes a fairly strong argument here, and do not find Dr. Troxel's opinion to be vague or failing to quantify her limitation. Dr. Troxel notes Plaintiff was "dizzy" and had difficulty walking and standing. But there is no evidence in the record to support that this was an ongoing and disabling problem. As the Commissioner argues, the notes from Plaintiff's treating doctors, Danny Grubbs, M.D., and Gary Woodward, M.D., wholly fail to support Dr. Troxel's conclusions. Dr. Grubbs saw Plaintiff most often and his notes show little to support a conclusion that Plaintiff was unable to meet the physical demands of medium work. (Tr. 404-405, 411-415,

3

419-423, 447-450, 479-483, 517-518, 535-537.)  Rather, Dr. Grubbs thought that Plaintiff's most significant impairment was her depression and anxiety.  (*Id.*)

Plaintiff's own testimony fails to support her argument on this point.  She testified it was her gastrointestinal issues, anxiety and sciatica that forced her to leave the work force.  (Tr. 114, 120-123.)  Dr. Troxel's notes do not indicate her limitations were related to sciatica and her own description of her sciatica reveals it was situational.  (Tr. 120.)

Moreover, Plaintiff was not following her doctor's instructions to help her improve.   Dr. Grubbs said, "She is not on her diet.  She is not exercising.  Of course she is not doing anything we asked her to do."  (Tr. 447.)  Failure to follow a prescribed course of remedial treatment without good cause is grounds for denying an application for benefits.  *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989).

The ALJ assessed Plaintiff could perform a reduced range of medium work.  He made adjustments to her residual functional capacity that fairly captured her documented limitations.  The overall evidence of record supports the ALJ's conclusion that Plaintiff is capable of performing work at this exertional level.  While Plaintiff takes issue with this finding, I find no reversible error in the ALJ's assessment.

Plaintiff also believes the ALJ failed to adequately account for her depression.  (Doc. No. 13 at 17-20.)  As previously noted, Dr. Grubbs felt that was Plaintiff's greatest limitation.  In fact, he referred her to a psychiatrist.  But Plaintiff failed to attend her treatment session (Tr. 517-518), and the record shows she has not sought treatment elsewhere.  The absence of any evidence of ongoing counseling or psychiatric treatment or of deterioration or change in Claimant's mental capabilities disfavors a finding of disability.  *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000).

Plaintiff has advanced other arguments which I have considered and find to be without merit. I am sympathetic to Ms. Smith's claims and understand her anger over being denied benefits. (Tr. 346-349.) There is evidence that she has limitations related to her gastrointestinal disease and depression. Yet the ALJ's finding that she could perform medium work during the relevant time period is supported by the record. *Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.").

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED this 18th day of October, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE